IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENDELL COCHRAN,            )
                            )
        Plaintiff,          )
                            )
    v.                      )     CIVIL ACTION NO. CV205-002
                            )
JO ANNE B. BARNHART,        )
Commissioner of Social Security, )
                            )
        Defendant.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge G. William Davenport, ("the ALJ" or "ALJ Davenport") denying his claim for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income benefits. Plaintiff urges the Court to remand this case with instructions for a proper determination of the evidence, in accordance with the fourth sentence of 42 U.S.C. § 405(g). Defendant asserts that the Commissioner's decision should be affirmed, as it is supported by substantial evidence.

Plaintiff filed an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income payments on June 11, 2001, alleging that he became disabled on May 30, 2001, due to cardiomyopathy, a stent in his right main artery, chest pain, and poor circulation. (Tr. at 21.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On July 3, 2002, ALJ Davenport held a hearing at which Plaintiff appeared and testified. Plaintiff was

AO 72A
(Rev. 8/82)

represented by counsel at that hearing. Plaintiff's wife also testified at this hearing. (Tr. at 20.) The ALJ conducted a supplemental hearing on January 8, 2003, at which Mark Leaptrot, a vocational expert, testified. ALJ Davenport found that Plaintiff was not disabled within the meaning of the Act. (Id.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 7.)

Plaintiff, born on September 9, 1968, was thirty four (34) years old when ALJ Davenport issued his decision. He has a tenth[1] grade education. (Tr. at 21.) His past relevant work experience includes employment as a stucco plasterer, electrical helper, custodian, grocery bagger/stocker, mobile home maintenance man, laborer, and lineman. (Tr. at 21; Pl.'s Br., p. 3.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed.2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's

---

[1] Plaintiff's counsel asserts that Plaintiff has no more than a ninth grade education. (Pl.'s Br., p. 3.)

AO 72A
(Rev. 8/82)

impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of May 30, 2001, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 29.) At Step Two, the ALJ determined that Plaintiff had a combination of impairments considered severe within the Act. (Id.) However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) At the next step, ALJ Davenport concluded that Plaintiff was unable to perform any of his past relevant work and that Plaintiff had no transferrable skills from any past relevant work. However, at the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform work at the sedentary level with a sit/stand option and should not work around cigarette smoke, alcohol, or drugs. (Id.)

3

Finally, the ALJ noted that there were a significant number of jobs in the national economy that Plaintiff could perform. (Tr. at 30.)

## ISSUES PRESENTED

Plaintiff asserts that the ALJ erred in:

I.  Failing to call a medical expert to the hearing in light of the significant evidence added to the record since a State agency medical consultant last reviewed Plaintiff's case in December 2001;

II. Failing to properly evaluate Plaintiff's subjective complaints of chest pain, shortness of breath, and weakness on his ability to work; and

III. Sustaining his burden of establishing that there is other work in the national economy that Plaintiff can perform.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v.

4

Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

**I.     ALJ Davenport Failed to Indicate Whether a Medical Expert Was Necessary After Additional Medical Evidence Was Received Into The Record.**

Plaintiff contends that State agency medical consultants reviewed the evidence available in August and December 2001 and completed physical residual functioning capacity assessment forms. However, Plaintiff asserts, since these assessments were completed, over one hundred pages of medical evidence were added to the record documenting his worsening condition and that his cardiac impairment may meet or equal a listed impairment. Plaintiff alleges that the ALJ committed reversible error in failing to obtain an updated opinion from a medical advisor, as required by Social Security Ruling 96-6p, based on this evidence. Plaintiff contends that this new evidence indicates that his cardiac impairment may meet or equal the requirements of Listing 4.04C.

Defendant asserts that the evidence of record fails to show the degree of stenosis or narrowing of the major coronary arteries required by Listing 4.04C. Defendant also asserts that substantial evidence supports the ALJ's findings that Plaintiff failed to prove that his cardiac impairment met or equaled a Listing.

"[A]n administrative law judge . . . must obtain an updated medical opinion from a medical expert . . . [w]hen additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical . . . consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." 1996 WL 374180 at *3-4 (Social Security Ruling 96-6p). If this is the case, "the administrative law judge must call on a medical expert." Id. at *4.

Based on the evidence before the undersigned, it is unclear whether the medical evidence of record obtained after the assessments were completed would change the consultants' findings that Plaintiff does not meet or equal Listing 4.04C. While it appears that ALJ Davenport reviewed this evidence, the ALJ does not indicate whether he thought this additional medical evidence would change the consultants' opinions as to Plaintiff's meeting or equaling Listing 4.04C. The undersigned, therefore, cannot determine whether ALJ Davenport's decision in this regard is supported by substantial evidence or whether ALJ Davenport applied the correct legal standards in not calling a medical expert after December 2001.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 9th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev. 8/82)